### WILLIAM HAIGHT *v.* WILLIE G. GRIST.

The United States statute (1866, c. 184, s. 9) providing that no deed, writing, &c., required by law to be stamped, which has been signed or issued without being ·duly stamped, &c., shall be admitted or used as evidence in any court, &c., &c.: *is a rule of evidence for the court of the United States only.*

Whether the courts of this State will enforce contracts which were not stamped by the parties *by design,* to defraud the United States of revenue: *Quære?*

CIVIL ACTION upon a bond, tried before *Jones, J.,* at ·Spring Term 1870, of BEAUFORT Court.

The answer relied upon the defence of *set off.* Upon the plaintiff's offering the bond in evidence, the defendant objected to its being read, because it was not *stamped.* Thereupon,·the plaintiff moved that he be allowed to stamp it then, alleging that when it was executed neither party had a stamp, that it was not convenient then to procure one, and also, that the defendant, the maker, had authorized him to procure, affix and deface a stamp. The Court allowed the stamp to be affixed and defaced, and then the note was read to the jury. The defendant excepted.

Verdict for the plaintiff; Judgment accordingly; Appeal by the defendant.

*Carter,* for the appellant.
*Battle & Sons, contra.*

1. Supposing this case to come within the provisions of the U. S. Act, although it does not, we submit that the clause in question is a penal one, which the State cannot undertake to administer: See Story's Conf. of Laws, sec. 621, *et seq ;* also *Allen* v. *Pass,* 4 D. & B., at p. 90.

2. Again, the State ought not to take upon itself the enforcement of the U. S. *revenue laws ;* See Story Conf., sec. 257 ; and *Satterthwaite* v. *Doughty,* Bus. 314.

3. The U. S. government has no constitutional power to regulate the rules of evidence in the State Courts: *Carpenter* v. *Snelling,* 97 Mass. 452; *Lynch* v. *Morse, Ib.* 458; 3 Am. Law Rev. 335 ; *Hunter* v. *Cobb,* 1 Bus. 239, 3 Am. L. Rev. 484.

4. The omission to affix a revenue stamp to an instrument requiring one, will not invalidate the instrument, unless such omission be *with intent* to defraud the government of the stamp duty: *Holyoke Machine Co.* v. *Franklin Paper Co.,* 97 Mass. 150; *Vosebeck* v. *Rose,* 50 Barb. 302; *Blunt* v. *Bates,* 40 Ala. 470.

5. The maker of a promissory note through whose fault an insufficient stamp was affixed to it, cannot object to its being received in evidence.: *Jocquin* v. *Warren,* 40 Ill. 459, 3 Am. Law Rev. 484.

6. The defendant cannot take advantage of the want of a stamp under the pleadings in the present case: *Hollock* v. *Jaudin,* 34 Calif. Rep. 167; *Jones* v. *Davis,* 22 Wis. 421, 4 Am. L. Rev. 421; *Adams* v. *Dole,* 29 Ind. 273.

READE, J. No objection is made to the validity of the bond sued upon, excepting that it was not duly *stamped* when offered in the evidence; as, it was alleged by the defendant, was required by the United States Revenue Act of 1866, ch. 184, s. 9.

That act provides that "no deed, instrument, writing or paper required by law to be stamped, which has been signed or issued without being duly stamped or with a deficient stamp, nor any copy thereof, shall be recorded, or admitted, or used as evidence *in any Court,* until a legal stamp de-

noting the amount of tax, shall have been affixed thereto, as prescribed by law."

Our attention has not been called to any provision of law which authorized parties interested to affix stamps at the date of trial below, to writings, &c., that had been executed previously. It was said at the bar that a custom of that sort has sprung up in the country, owing to the difficulty of procuring stamps at the proper times and places. However convenient that custom may be, we have no ground for supposing that it has the sanction of law. The periods during which, in some cases, stamps were allowed by statute to be affixed to papers previously executed, have long since expired.

Admitting that it is a vital matter with the government of the United States that its revenue laws shall not be evaded, it is equally clear that the enforcement of these, as well as of all of its other laws, as a general proposition, must be left with the Courts of that government. The United States is equipped with a complete machiney of its own, for effecting all of its vast and manifold purposes. It does not look to the Courts of the several States to remove obstructions from its path, or to carry out its views. Whenever there are exceptions to this rule they rest upon definite and clearly expressed statutory provisions. The general doctrine is, that neither the enforcement nor the obstruction of its revenue laws is within the province of the States, or of any department thereof. It is therefore in accordance with long settled and widely extended rules of constitutional construction, that the general expression "*any Court,*" which is found in this statute of the United States, means only "*any Court of the United States,*" and does not include Courts of the respective States; See the well considered case reported in 97 Mass. 451, as well as other cases, cited for the plaintiff at the bar.

We are therefore under no necessity of discussing the

*power* of Congress to devolve upon State Courts the duty of protecting the revenue of the United States, or its power to affect the laws of evidence as previously administered in such Courts.

There is no allegation in the case before us, that the stamp was omitted with an intent by the parties to defraud the United States of its revenue. If such had been the case, we would gravely consider whether public policy does not forbid our Courts to give the plaintiff relief. The commonly received principle of public law which forbids the enforcement of the revenue law of other States, has been reprobated by Story in his Conflict of Laws, and he quotes Pothier and other writers to the same effect. It may be that this principle is too firmly established to be overthrown except by legislation. However it is mere matter of speculation in the case before us, where no fraud upon the United States is suggested.

We place this decision upon the ground that the expression "any Court" in the statute cited, does not include State Courts.

PER CURIAM.                    Judgment affirmed.