JARVIS v. VANDERFORD.

T. J. JARVIS v. J. H. VANDERFORD et al.

*Evidence—Presumption—Handwriting—Declarations Against Title.*

1. The fact that in the trial of an action, A was shown to have been Clerk of a Court at a certain date does not create a presumption that he was such Clerk several years prior to that date.

2. A witness who has not qualified himself as an expert as to handwriting, and who has never seen a certain person write and has never corresponded with him, is incompetent to testify as to such person's handwriting by comparing it with other writing alleged but not known to be the latter's.

3. In an action to recover land, brought by the purchaser at a mortgage sale, a declaration against title made by the mortgagor after the execution of the mortgage is not competent evidence against the plaintiff.

This was an action for the recovery of the possession of land, tried before *Bynum, J.*, and a jury, at the April Term, 1894, of PITT. Superior Court.

It was admitted that the title to the land in controversy was in one David Averett, who was long since dead.

The plaintiff offered testimony tending to show that one Starling Averett was the son and heir-at-law of said David Averett, and then put in evidence the will of Starling Averett, by which will the real estate of said Starling Averett was given to his wife for her life, remainder in fee in W. H. Burnett. It was in evidence that the widow of Starling Averett had been dead some twenty years. The plaintiff put in evidence a mortgage deed from W. H. Burnett to F. G. James, and then deeds showing a chain of title to himself. Plaintiff offered evidence, which was not contradicted, that Starling Averett, and after his death W. H. Burnett, had been in possession of the land, claiming it from as far back as 1852, or further, until some ten or eleven years ago, and that Burnett was in possession at the time of his death, which occurred some twenty years after the war.

The plaintiff further showed by the record, and without objection, that a non-suit was entered in the original action, and this action was brought within a year after such non-suit.

The plaintiff further put in evidence the answer of J. H. Vanderford and G. W. Vanderford in the first action, as follows, to-wit :

" The defendants Henry Vanderford and George Vanderford, for their answer, say :

" I. That the plaintiff at the commencement of this action was not the owner of the premises as alleged, and was not entitled to the possession of the same.

" II. They admit that they are in possession of the land described, but deny that they are in the wrongful and unlawful possession thereof. On the contrary, they say that their possession is lawful as heirs-at-law of their grandfather, Starling Averett, from whom the said title of the said land descended to these defendants."

The plaintiff further showed that the defendants were the grandchildren of the said Starling Averett, and that their parents were dead.

The defendants offered evidence tending to show that the court-house in Greenville, with all of the records of the Clerk's office, both County Court and Superior Court, all of the records of wills, were destroyed by fire in 1858, and the destruction of the same was admitted.

The defendants then offered in evidence a paper-writing purporting to be a copy of the will of David Averett. Objection by plaintiff. Objection sustained. Defendants excepted.

The Court states for the benefit of the Supreme Court that the alleged copy introduced appeared to be old and faded.

The defendants then introduced a witness who testified that he had some old papers at home which were signed " Alexander Evans, Clerk," one an order of sale. " I don't know that he was clerk or that he signed them. Don't remember the dates, they are very old papers and much worn. I have seen some handwriting said to be Alexander Evans'. Don't know it myself. " Defendants propose to hand to the witness the paper-writing " A " and ask him if the signature of Alexander Evans is in the same handwriting he has at home, and if it is the same he has seen and

which was said to be the handwriting of Evans.     Objection.
Sustained.     Exception.

The witness further testified that he had seen the paper-
writing, purporting to be a copy of the will of David Averett,
before.   "It was in the possession of W. H. Burnett.   He
asked me to read it and tell him whose hand it was.   He
told me it was the will of David Averett, and said that if
the devisee in that will were to come he would not dispute
the title of said devisee at all.   The next I saw of that
copy of David Averett's will was after Burnett's death.   It
was among Burnett's valuable papers.   The next time I
saw it the defendant had it.   Defendants set up claim to
the land during the life of Burnett, and as soon as they
learned of the said copy of the will of David Averett.   I
told them of the copy of the will a month or so after Bur-
nett showed it to me and told me what it was."

One of the defendants testified that he got the paper-
writing purporting to be the will of David Averett from
the administrator of W. H. Burnett; said that it was among
Burnett's valuable papers.   Was in a trunk with the deed
of David Averett for the land.

Defendants put in evidence books of the Register's office
containing the records of deeds, among others one probated
in May, 1818, showing that Alexander Evans was Clerk
and Richard Evans was Deputy Clerk.

The plaintiff then introduced in evidence books of the
Register's office containing the records of deeds, among
others one probated at February Term, 1808, showing that
George Evans was Clerk.

It was admitted that Alexander Evans and Richard
Evans were long since dead.

Upon the above evidence the defendants offered in evi-
dence the paper-writing purporting to be a copy of the will

of David Averett.    Objection by plaintiff sustained, and exception by defendants.

There was verdict and judgment for plaintiff, and defendants appealed.    As grounds for appeal, the defendants assign as error :

1. The exclusion of the evidence as to the handwriting of Alexander Evans.

2. The refusal to permit defendants to put in evidence the paper-writing purporting to be a copy of the will of David Averett.

*Messrs. Shepherd & Busbee*, for plaintiff.
*Mr. Jas. E. Moore*, for defendants (appellants).

FURCHES, J.:    This is an action for the possession of land, in which there was a verdict and judgment for plaintiff, and defendant appealed.    The record presents but two exceptions—first, the exclusion of the evidence as to the handwriting of Alexander Evans ; second, the refusal to permit defendant to put in evidence a paper-writing purporting to be a copy of the will of David Averett.    We do not think either one of these exceptions can be sustained.

It was not shown that Alexander Evans was Clerk or that Richard Evans was Deputy Clerk of the Court of Pleas and Quarter Sessions in 1808.    And although there was evidence, tending to show that Alexander Evans was clerk and Richard Evans was deputy clerk in 1818, this did not create a presumption that they were such officers in 1808, ten years before that time.    Lawson Presumptive Ev., p. 190. But the paper produced purported to have been signed by " Richard Evans, Assistant Clerk," and not by Alexander Evans.    And why it was that defendant wanted to offer evidence to prove the handwriting of Alexander Evans, we do not exactly see.    But, be that as it may, we think the evi-

dence offered was clearly incompetent. The witness offered had never seen Alexander Evans write, had never had any business correspondence with him, but " that he had seen some old papers at home, which were signed by Alexander Evans, Clerk, one an order of sale. I don't know that he was clerk or that he signed them. Don't remember the dates, they are very old papers and very much worn. I have seen some handwriting said to be Alexander Evans', don't know it myself."

Defendants proposed to hand to the witness the paper-writing " A," and ask him if the signature of Alexander Evans is in the same handwriting he has at home, and if it is the same he has seen, and which was said to be the handwriting of Alexander Evans. As the witness had never seen Alexander Evans write, and had not had any correspondence with him, the only way he could testify was as an expert. And it seems clear to us that he had not qualified himself to do this, even by a comparison of hand-writings. But he had no standard to compare this paper with—the papers he had at home were not admitted to be in the handwriting of Alexander Evans, nor did they appear in the case or in any other way, so as to estop the plaintiff. *Tunstall* v. *Cobb*, 109 N. C., 316 ; *State* v. *Allen*, Hawks, 6.

This disposes of defendant's first exception, and also of the second exception, so far as we can see. It could not be introduced as a certified copy under the statute (*Code*, Sec. 1342) ; nor can it be introduced as color of title, as an ancient document, as an unregistered deed could be. *Brown* v. *Brown*, 106 N. C., 451 ; *Davis* v. *Higgins*, 91 N. C., 382. And although there was evidence tending to show that Burnett, through whom plaintiff derives his title, at some time said that " A " was a copy of David Averett's will, that would not make it competent evidence against the

plaintiff; and certainly not unless it was shown that it was made before he mortgaged to James.  *Headen* v. *Womack*, 88 N. C., 468.

There is no error and the judgment is affirmed.

Affirmed.