STATE v. LEVI T. NOE, et al.

*Indictment for Forgery—Proof of Handwriting—Comparison.*

1. When the genuineness of a paper, or of a signature to a paper, which it is proposed to make the basis of a comparison of handwriting, is not denied nor cannot be denied, an expert may, in the presence of the jury, compare it with another paper or signature, the genuineness of which is questioned.

2. A bond given by a defendant for his appearance to answer a criminal charge and constituting a part of the record, is admissble on his trial for the purpose of comparison, by an expert, with a signature whose genuineness is questioned, the presumption being that the signature to the bond is genuine.

119—54

STATE v. NOE.

INDICTMENT for forgery, tried before *Graham, J.*, and a jury, at December, 1895, Special Term of JONES Superior Court.

On the trial, the same objections were entered to the jurisdiction of the court as were made in the case of *State v. Turner*, at this Term. The objections were overruled and defendant excepted.

L. A. Garner, a witness for the State, testified that he was a clerk of the superior court of Carteret county and that a bond shown him was the bond of William Fisher for his appearance at Fall Term, 1895, of Carteret superior court, taken before the justice of the peace at the preliminary trial at Morehead City and filed in the records of the cause. The solicitor stated that he introduced the bond as one of the papers signed by the defendant, and he proposed to introduce expert testimony to show the writing alleged to be forged was signed by the same person. The defendant objected on the ground that at the trial before the justice of the peace he was not charged with forgery for which he was now on trial and that the same does not constitute part of the record in this case, and that the signature was not conceded to be in the handwriting of the defendant. The objection was overruled and defendant excepted. There was a verdict of guilty, and defendant appealed.

*Attorney General*, for State.
*Messrs. Clark & Guion*, for defendants (appellants).

AVERY, J.: The objection to the jurisdiction and the exception to the ruling of the court in admitting the proof of the incorporation of the insurance companies are fully discussed in *State v. Turner*, at this term. It is therefore needless to repeat the reasons for holding as we did upon

assignments of error which are identical with those relied on in this case.

Where the genuineness of the paper or the signature to a paper, which it is proposed to make the basis of a comparison of handwriting, is not denied, or cannot be denied, in the trial of the action, an expert witness may, in the presence of the jury, compare with it another paper or signature whose genuineness is questioned. *Tunstall* v. *Cobb*, 109 N. C., 316 ; *Croom* v. *Sugg*, 110 N. C., 259 ; *State* v. *DeGraff*, 113 N. C., 688. Under this rule the signature to affidavits or pleadings filed in the cause by a party, or to a paper offered in evidence by the person whose signature is in question, and that of a testator to a will purporting to have been signed by him, in an action brought against the executor appointed and qualified thereunder, or a written contract the execution of which by the testator is denied, have been held to be proper standards of comparison to be used by such witnesses in their testimony before the jury. *Tunstall* v. *Cobb* and *State* v. *DeGraff, supra.* The paper writing admitted as a standard of comparison was the bond, constituting a part of the record in the case, for the appearance of the defendant Fisher to answer this charge. The bond constituted a part of the record, was presumed to be genuine, and a judgment *nisi* on his default could have been rendered against him and his sureties on it, and made final on his failure to take the burden upon himself and show it spurious on the return of notice to show cause. Until the presumption of its genuineness is satisfactorily rebutted, the signature to it must be treated like that of a party to a pleading in a civil action.

The other exceptions are without merit, and we must assume were not seriously relied upon. The judgment is affirmed.                                    Affirmed.