PAUL R. HOWARD v. JOHN A. EARLY and GEORGIANA A. EARLY, his Wife.

(Decided March 13, 1900.)

*Supplemental Proceedings—Husband and Wife—Mortgage on Her Land for His Debt—Presumption of Fraud—Confidential Relations—Issues, Verdict, Judgment.*

1. The relation of husband and wife is among those confidential relations, presumptive of fraud in business dealings, *unless rebutted.*
2. Issues submitted should arise on the pleadings, and not be presented only by the evidence.
3. An oral agreement to secure a wife is valid; a fraudulent intent on the part of her husband will not vitiate her title, unless participated in, or known by her.
4. Facts established by a verdict may rebut the presumption of fraud, and the same facts *admitted* are equally efficacious—and this presumption of fraud, growing out of the relations, being out of the way, it becomes an open contest between a creditor and an innocent purchaser for value—and no equitable principle exists for depriving either, of his fruits for the benefit of the other.
5. A verdict which finds the transfer of a note was made with a fraudulent intent, but does not find that the wife participated in or had knowledge of such intent, will not justify a judgment against both.

SUPPLEMENTAL PROCEEDINGS upon a judgment recovered in Justice's Court against defendant John A. Early, and docketed in Superior Court, heard on appeal from Clerk's judgment, before *Allen, J.,* at Fall Term, 1899, of BERTIE Superior Court.

An execution on the docketed judgment had been issued and returned unsatisfied; and the plaintiff took out supplemental proceedings against the defendant, in which it was adjudged by the Clerk that the defendant had transferred to his wife, with intent to hinder, defeat and delay the plaintiff, a note and chattel mortgage given to him by one John P. Morris, and the said Morris is adjudged to pay so much thereof as will satisfy the plaintiff's judgment.

From this order the defendant appealed to the court at term, and his Honor, Judge Brown, directed the wife to be made a party, and an issue to be submitted to the jury whether John A. Early assigned the note and mortgage to his wife with fraudulent intent. A copy of this order was served on Mrs. Early, and she and her husband appeared at the following term at the trial of the issue and testified before the jury.

It was conceded that the burden of showing the *bona fides* of the transfer of the Morris note and chattel mortgage by Early to his wife was on them. The plaintiff introduced no testimony.

It was in evidence on the part of the defendants:

That in 1893, John A. Early was indebted to Burden & Bro. in the sum of $500, and that Mrs. Early joined with her husband in a mortgage on her land to secure the debt, he promising to secure her, and that she should lose nothing by it. About $400 of the Burden debt is still due. To secure his wife Early transferred to her the Morris note for $325, to be held by her as security. This was done in 1897, the note was

payable in 1898.  At time the mortgage was made to Burden, John A. Early was in good circumstances; when he transferred the Morris note to his wife, Early was insolvent.  He testified that his sole purpose in transferring the Morris note to his wife was to secure her, and with no purpose of defrauding plaintiff; that if he lost the Morris note, he had no means of paying the Burden debt.

Mrs. Morris testified that her husband promised to secure her, and had transferred to her the Morris note for that purpose; that she did not own the note—it was simply to secure her.

The issue submitted was in these words:

Was the transfer of the note and mortgage, referred to in the pleadings, made with intent to hinder, defeat, delay and defraud the plaintiff?

To which the jury responded, "Yes."

Upon which finding his Honor rendered judgment against both defendants, directing the Morris note and chattel mortgage to be placed in the hands of a receiver to be collected and the plaintiff's docketed judgment and costs be paid out of the proceeds.

Defendants excepted and appealed.

*Messrs. R. B. Peebles,* and *C. G. Peebles,* for appellants.
*Mr. Francis D. Winston,* for appellee.

FAIRCLOTH, C. J.  The plaintiff obtained a judgment against defendant on which an execution issued and was returned unsatisfied.  The plaintiff then, on affidavit before the Clerk, obtained an order for supplemental proceedings.  The third clause of the affidavit averred the return of the execution, and that the defendant had choses in action which ought

to be applied to his judgment. This was denied by answer of the defendants. This is the only allegation of fraud in the record. His Honor, without objection, submitted this issue: "Was the transfer of the note and mortgage referred to in the pleadings made with intent to hinder, defeat, delay and defraud the plaintiff?" Verdict was recorded for the plaintiff.

The plaintiff introduced no evidence. The defendant and his wife were examined, and testified that in 1893 he borrowed $500 from Burden Bros., and that he and his wife gave Burden Bros., a mortgage on *her* land to secure the same; that at the same time he promised his wife to secure her, and that she should not lose anything; that he was then solvent. They also testified that he held a note for $325, against one Morris, and that he put said note in his wife's possession. That in January, 1897, when the husband had become insolvent, said note was formally transferred to the wife in the handwriting of one J. M. Early, which note plaintiff demands in payment on his judgment. The plaintiff demands judgment on the ground of the presumption in law of fraud arising from the confidential relation of husband and wife, especially when the husband is insolvent. In *Lee v. Pearce,* 68 N. C., 76, the doctrine of confidential relations is fully discussed, and several are specified, such as trustor and trustee, etc., and the Court held that such definite relations are sufficient to raise a presumption of fraud, as a matter of law, to be laid down by the Judge as decisive of the issue, *unless rebutted.* Although not mentioned, we think the relation of husband and wife falls within the principle of that case, and it was so held in *McRae v. Battle,* 69 N. C., 98.

The pleadings in this case are loose and informal, and in violation of the rule that only such issues should be submit-

ted as arise on the pleadings. Code 395. The parties, however, accepted the issue without regard to such rule, and proceeded to try the real contention as implied in the issue submitted. The rule is useful and important, as it would always prevent the submission of issues presented only by the evidence. The case so much resembles a "case agreed" when allegations and issues are not important, where only a legal inference is to be drawn by the Court, that we are not disposed to disturb the judgment on that ground. The validity and *bona fides* of the wife's debt, the promise of the husband to secure her, and the possession and transfer of the note to the wife are not denied by any plea nor contradicted by any evidence, nor was any dispute as to these facts made on the trial, and seemed to be admitted.

It has been decided that the oral agreement to secure his wife was valid, and that a fraudulent intent on the part of the husband to defeat his creditors will not vitiate the wife's title, unless she participated in or had knowledge thereof. *Brown v. Mitchell,* 102 N. C., 347. The same principle is decided where a father, with fraudulent intent, furnished his daughters with money, being indebted to them, to purchase his land at a sheriff's sale, they not participating in the unlawful intent. *Sharpe v. Williams,* 76 N. C., 87.

Is the presumption of fraud in law, by reason of the relationship of his wife, rebutted? If the admitted facts were established by a verdict, it seems clear that the presumption of fraud is rebutted by the above authorities, and surely facts admitted are as efficacious as facts found by a jury. The presumption being out of the way, it is an open contest between a creditor and an innocent purchaser for value, and we have no equitable principle for depriving either of his fruits for the benefit of the other.

The verdict finds that the transfer of the note was made with a fraudulent intent, but it does not find that the transferee (wife) participated in or had knowledge of such intent. On this ground there was error in the judgment entered. In *Nadal v. Britton*, 112 N. C., 187, the facts are similar, and the issue was the same as in the present case, and the response was the same. The Court used this language on the question we are considering: "But the jury have only found that the deed was made with intent to hinder, delay or defraud creditors; they have not found that Mrs. King had knowledge of that fraudulent intent. Without such a finding by the jury no judgment should have been rendered against her." There was no error in entering judgment against the defendant John A. Early, but there was error in entering judgment against the defendant Georgia Early, and it must be corrected in that respect.

New trial.