RATLIFF v. RATLIFF.

(Filed December 2, 1902.)

1. ISSUES.

Issues are sufficient if every ground of contention may be presented by appropriate evidence thereon.

2. EVIDENCE—*Records—Deeds—Registration—The Code, Sec. 1251.*

The record of a registered deed is competent evidence without producing the original, where no rule of court for the production of the original has been issued.

3. EVIDENCE—*Records—Revenue Stamps—Deeds.*

It is not necessary that it appear from the record of a deed that there was a revenue stamp on the original to make it competent as evidence.

4. EVIDENCE —*Handwriting —Deeds —Probate —Witnesses —Subscribing—The Code, Sec. 1246, Subsec. 10.*

It is sufficient to allow the registration of a deed if the probating witness testifies that he is well acquainted with the handwriting of the subscribing witness and had numerous business dealings with him during his life-time.

5. EVIDENCE—*Declarations—Estates.*

Declarations made by one in possession of land, characterizing or explaining his claim to ownership or in disparagement of his own title, are competent.

6. NON-SUIT—*Dismissal—Acts 1897, Chap. 109—Acts 1899, Chap. 131 —Acts 1901, Chap. 594.*

Where a defendant introduces evidence after making a motion to dismiss at close of evidence for plaintiff, he thereby waives any rights he had under said motion.

7. EVIDENCE—*Handwriting—Proof—Comparison.*

If there is a paper in evidence, the signature to which is proved or admitted to be genuine, another signature whose genuineness is in issue, may be compared with it.

8. EVIDENCE—*Ejectment—Trusts.*

The evidence in this case as to the dower of the widow is irrelevant.

9. EVIDENCE—*Handwriting—Proof.*

    A handwriting may be proved by a witness who became acquainted therewith four years after the signature in question was made.

10. EVIDENCE—*Declarations—Estates.*

    The declarations of a party in his own favor as to his estate in lands are incompetent.

11. WITNESSES—*Corroboration—Evidence.*

    A witness may testify as to statements made to others to corroborate himself.

ACTION by W. U. Ratliff and others against J. H. Ratliff and others, heard by Judge *Thos. A. McNeill* and a jury, at December (Special) Term, 1901, of the Superior Court of ANSON County. From a judgment for the plaintiffs, the defendants appealed.

*J. A. Lockhart, Robinson & Caudle,* and *Bennett & Bennett,* for the plaintiffs.

*H. H. McLendon,* for the defendants.

CLARK, J. There is no valid objection to the issues, as every ground of contention could be presented by appropriate evidence upon the issues submitted by the Court. *Patterson v. Mills,* 121 N. C., 266; *Coley v. Statesville, Ibid.,* 315.

There was no error in admitting the records from the Register of Deeds, showing the deed, as there recorded, from Horne and wife to Ratliff, dated 11 September, 1869, and in not requiring the introduction of the original deed. The Code, Sec. 1251, provides: "The registry, or duly certified copy of the record, of any deed, power of attorney or other instrument required or allowed to be registered or recorded, may be given in evidence in any Court, and shall be held to be full and sufficient evidence of such deed, power of attorney or other instrument, although the party offering the same shall be enti-

tled to the possession of the original, and shall not account for the non-production thereof, unless by a rule or order of the Court, made upon affidavit suggesting some material variance from the original in such registry, or other sufficient grounds, such party shall have been previously required to produce the original, in which case the same shall be produced or its absence duly accounted for, according to the course and practice of the Courts." Here, there was no affidavit, nor suggestion even, that the registration was not correct, and no rule of Court requiring the introduction of the original deed. The production of the original at the trial can not be required when such rule of Court has not been previously obtained. *Devereux v. McMahon,* 108 N. C., 134; 12 L. R. A., 205.

This disposes, also, of the exception to the introduction of the registration of the agreement of 10 September, 1869, if the probate is legal. As to this, the defendant excepts on the ground: 1. That it does not appear from the registration that there was any revenue stamp on said agreement. This need not appear. *Haight v. Grist,* 64 N. C., 739; *Sellars v. Johnson,* 65 N. C., 104.

2. That the proof of the handwriting of the subscribing witness was insufficient. This instrument was not recorded till 22 March, 1901. It appears from the probate that the parties and the subscribing witnesses were then all dead, and the probating witness testified that he "was well acquainted with the handwriting of M. V. Horne (the subscribing witness to said agreement), and had numerous business dealings with him during his lifetime; that to affiant's best knowledge and belief the signature of the name of M. V. Horne, to the aforesaid agreement as witness to the same, is in said Horne's true handwriting, and no one else's." This is a compliance with The Code, Sec. 1246 (10).

The plaintiffs' contention is that the above deed to the defendant's father was a voluntary deed, without valuable con-

sideration, and is to be taken in connection with said agreement, making one transaction, and that said agreement is an acknowledgment of a trust to hold said land for life, and then for his children by his first wife (who are the plaintiffs), which first wife was the daughter of the grantor in said deed. The grantee, in 1893, conveyed the land, without valuable consideration, to the defendants, his children by his second wife, and has since died. The defendants contend that the agreement was not executed by their father, but is a forgery. There are several exceptions (4 to 8 inclusive) to the admission of evidence that Watt Ratliff, the grantee in said deed, and alleged signer of said "agreement," admitted that he had received the land under an agreement to hold for his life, and then for the land to go to the plaintiffs, his children by the first wife; that he paid nothing for it, and had declined to sell it because of this trust upon it. Those exceptions are without merit. The rule is thus state in *Shaffer v. Gaynor,* 117 N. C., at page 24: "Declarations made by one in possession of land, characterizing or explaining his claim to ownership, or in disparagement of his own title, are competent, not only as evidence against the declarant, but against all claiming under him." The evidence of these witnesses is of a declaration tending to disparage and qualify the title of Watt Ratliff in the land, and an admission of a trust. It is competent against him and against the defendant, who claims through a voluntary deed from him. *Nelson v. Whitfield,* 82 N. C., 51; *Roberts v. Roberts, Ibid.,* 32; *Nelson v. Bullard, Ibid.,* 37; *Gates v. Gates,* 76 N. C., 142; 1 Greenleaf Ev., Sec. 109.

The ninth exception, for refusal of nonsuit at the close of the plaintiffs' evidence, is without merit, both because there was evidence to go to the jury, and because the exception is waived by the defendant himself thereafter introducing evidence. *Means v. Railroad,* 126 N. C., 428; *Parlier v. Railroad,* 129 N. C., 263.

Nor did the Court err (tenth exception) in refusing defendants leave to introduce what they claimed was the original deed of 11 September, 1869, from Horne and wife to Watt Ratliff. Evidence is irrelevant, even when not incompetent, and is properly rejected, unless it tends to prove some controverted fact. Here, the said deed of 11 September, 1869, had been pleaded in the complaint and admitted in the answer, and, besides, its registration was in evidence without any suggestion of incorrectness therein, and there was no rule of Court to produce the original. But the defendants contend that they wished to introduce it for the purpose of comparing the handwriting of Martin V. Horne, the subscribing witness thereto, with the handwriting of M. V. Horne, the subscribing witness to the alleged "agreement," but this is not the proper method to attack the genuineness of his signature. That should be done by the evidence of witnesses who are familiar with his handwriting. If there is a paper in evidence, the signature to which is proved or admitted to be genuine, another signature whose genuineness is in issue, can be compared with it, but here this paper was not in evidence, and the plaintiffs refused to admit that it was genuine. *Tunstall v. Cobb,* 109 N. C., 316, and cases there cited. The defendant then offered to prove that the probate ordering said paper to registration was in the handwriting of James M. Covington, formerly Judge of Probate of that county. But as the deed was irrelevant, this could not make it so, and to admit it for the purpose of handwriting would add to the controversy the dispute as to genuineness of Covington's handwriting. All this has been so fully discussed in *Tunstall v. Cobb, supra,* that no further consideration is needed.

The evidence offered by defendants to show that after Watt Ratliff's death, all his realty, except this and one small tract, was allotted to his widow for dower, was properly excluded as irrelevant, as were the deeds, expressed in their

face to be in consideration of love and affection, executed by Watt Ratliff and wife to the defendants, the children of the second marriage.

The defendants then offered to prove the handwriting of Martin V. Horne, the subscribing witness to the "agreement," by John C. McLaughlin, the Clerk of the Court. He stated that he did not know the handwriting of Horne in 1869, but became familiar with it in 1873, and thence up to his death, but did not know it prior to that time. The defendants then proposed to ask the witness if the name of M. V. Horne, purporting to be signed to the agreement dated 10 February, 1869, was in M. V. Horne's proper handwriting. The plaintiffs objected to his testifying, unless he could state that he was acquainted with Martin V. Horne's handwriting at that time (1869). The witness stated that he did not know what his handwriting was at that time, whereupon the evidence was excluded, and the defendants excepted. In this there was error. *Keith v. Lathrop,* 10 Cush., 453; 1 Greenleaf Ev., Sec. 577; Lawson Exp. Ev., Rule 47, page 332. There was no presumption that the handwriting had so changed from 1869 to 1873 as to be unrecognizable. That lapse of time and the possibility of change were matters for the consideration of the jury, but did not make the testimony incompetent. In like manner, it has been held that the greater or less remoteness of time, as to which the witness was acquainted with the character of one impeached, was a matter for the jury, not for the Court. The genuineness of the "agreement" is a vital point for the defense, and the exclusion of this evidence is a material error which entitles the defendants to a new trial.

There are several exceptions for the exclusion of instruments, as administration bonds, constable bonds, and the like, alleged to be signed by M. V. Horne, which the defendants wished to introduce for purposes of comparison, but these

were properly excluded. *Tunstall v. Cobb, supra; State v. DeGraff,* 113 N. C., 693; *Jarvis v. Vanderford,* 116 N. C., 147; *Cobb v. Edwards,* 117 N. C., 244; *State v. Noe,* 119 N. C., 849.

The Judge also properly excluded evidence offered to show declarations of Watt Ratliff in his own favor, tending to show he held a fee simple title. *Avent v. Arrington,* 105 N. C., 377; *Shaffner v. Gaynor, supra.*

The testimony of George Ratliff that he had made statements to others of the same matters testified to by him on the trial were competent to corroborate him. *Burnett v. Railroad,* 120 N. C., 517, where the numerous cases to that point have been collected; and there have been several since.

The other exceptions are either covered by what we have herein decided, or are matters, like exceptions to the charge, which may not arise on another trial.

For the error as to the fourteenth exception, there must be a

New Trial.

FURCHES, C. J., and DOUGLAS, J., concur in this opinion. But they think the Court erred in refusing to allow the plaintiffs to introduce the original deed.