## HATCHER v. DABBS.

(Filed October 27, 1903.)

1. ISSUES—*Sufficiency*—*Trial*—*Rules of Practice Supreme Court No. 7.*

The issue, "What damages, if any, plaintiff is entitled to recover in an action for the recovery for services rendered a decedent under a special contract," does not present to the jury all the matters in controversy.

2. COUNTER-CLAIM—*Pleadings.*

In an action for the recovery of services rendered a decedent in a special contract, where the answer sets up a different contract and the performance of the same by the decedent, the same cannot be treated as a counter-claim.

ACTION by S. E. Hatcher against J. A. Dabbs, administrator of S. E. Liles, heard by Judge O. H. Allen and a jury, at April Term, 1903, of the Superior Court of ANSON County, From a judgment for the plaintiff the defendant appealed.

*James A. Lockhart & Son* and *F. J. Coxe,* for the plaintiff. *H. H. McLendon,* for the defendant.

WALKER, J. This action was brought by the plaintiff for the recovery of the value of certain services alleged to have been rendered by him to the defendant's intestate, under a special contract, set forth in the complaint. The plaintiff

alleges that in consideration of the said services which he agreed, at the time of the contract, to perform for the intestate, who was at said time an old and infirm man and greatly in need of assistance, the latter promised to devise and bequeath to the plaintiff his entire estate. That in compliance with the said contract the plaintiff performed the stipulated services, but that defendant's intestate failed to comply with his part of said agreement or to devise and bequeath his property to the plaintiff as he had promised to do, and that the services so rendered by the plaintiff were reasonably worth $1,200, which sum he seeks to recover in this action. The defendant denied that his intestate entered into the contract as alleged in the complaint, and avers that a very different contract was made between the parties, and that this contract was fully performed by the intestate. It will not be necessary to refer more particularly to the pleadings, as the foregoing statement sets forth all that is required to present the question upon which the decision of this Court will be given.

The Court submitted the following issue to the jury: "What damages, if any, is the plaintiff entitled to recover of the defendant?" To the submission of this issue the defendant excepted. The jury answered the issue in favor of the plaintiff, and judgment having been entered thereon, the defendant appealed to this Court.

The issue was not a proper one to be submitted to the jury by itself. It did not present to the jury for their consideration all the matters in controversy between the parties, and was therefore insufficient as the basis of a verdict and judgment. It has been settled by numerous decisions of this Court that only the issues of fact raised by the pleadings should be submitted to the jury, and not mere questions of fact growing out of the evidence (*Howard v. Early,* 126 N. C., 170), and such issues as are so raised should be submitted with this

qualification, that it is not required that all the issues should
be thus submitted to the jury, but such of them only as are
necessary to present the material matters in dispute (*Shoe Co.
v. Hughes,* 122 N. C., 296; *Ratliff v. Ratliff,* 131 N. C., 425;
*Warehouse Co. v. Ozment,* 132 N. C., 848), and as will enable
each of the parties to have the full benefit of his contention
before the jury (*Patterson v. Mills,* 121 N. C., 250; *Pretz-
felder v. Ins. Co.,* 123 N. C., 164; 44 L. R. A., 424), and
with this further qualification, that the issues must also be
comprehensive enough to determine the rights of the parties
and to support the verdict and judgment in the particular
case. *Strause v. Wilmington,* 129 N. C., 99. The provision
in our present system of procedure for submitting issues was
adopted for the purpose of enabling the jury to find the
material facts with as little consideration as possible of prin-
ciples of law, sometimes difficult for them to understand and
apply, and so that the Court, upon the facts thus found,
may with greater ease and accuracy declare the law and thus
determine the legal rights of the parties. *Bowen v. Whitaker,*
92 N. C., 367. This result cannot be obtained in this case
under the issue submitted to the jury. There is no separation
of the facts from the law, but the jury are required to con-
sider and decide both the facts and the law, under instruc-
tions from the Court, it is true, but, nevertheless, in direct
contravention of the very spirit and purpose of The Code and
the rule of this Court. There is another objection to the
issue: It virtually implies that the defendant is liable to the
plaintiff, and merely requires the jury to ascertain the extent
of the liability, and in this respect it may have confused if
it did not mislead them, even though the instructions of the
Court embraced the various contentions of the parties and
were correct in themselves. In *Denmark v. Railroad,* 107
N. C., 186, the plaintiff brought his action to recover dam-
ages for injuries negligently inflicted by the defendant, and

133——16

the defendant, having denied the negligence and pleaded contributory negligence, tendered the usual issues, but the Court refused to submit them, and in their stead submitted to the jury the single issue as to damages, which was identical in form with the issue submitted in our case. This Court held that it was error to thus restrict the issue, for the question of damages was incidental merely to the main issue as to the negligence of the defendant, and could only arise in the case should the jury find the preliminary issue as to negligence in favor of the plaintiff. The issue itself amounted to little, if any, more than the general issue. That case and the more recent case of *Burton v. Mfg. Co.*, 132 N. C., 17, which cites it with approval, cannot be distinguished from the one at bar, and are directly in point. The submission of issues is not a mere matter within the discretion of the Court, but it is now a mandatory requirement of the law, and a failure to observe this requirement will entitle the party who has not in some way lost the right to have the error of the Court corrected. *Bowen v. Whitaker, supra;* Rules of Practice, 128 N. C., 656.

There is one other question left in the case. The defendant moved for judgment upon his counter-claim, as the plaintiff had failed to reply thereto. The Court refused the motion, and the defendant excepted. We can see no error in this ruling. The averments of the answer constituted a defense rather than a counter-claim. The plaintiff alleged a special contract of the intestate to make a will in his favor for certain services to be rendered and which were afterwards rendered by him, and he then alleged that the intestate had died without making the will and had thus failed to comply with his contract, and he therefore asked for the reasonable value of his services. The defendant alleged that a different contract was made, and that the intestate fully complied with its terms. According to his own version of the contract, the plaintiff, for his services, was to receive as compensation a

home and farm free of rent, live stock, farming implements and provisions.   It is true he alleges that what the plaintiff thus received was greater in value than the services rendered, but we do not see that this implies a promise to pay the excess of value, as the plaintiff only received under the contract, as alleged by the defendant, what he was entitled to have, and the difference in value was not considered by the parties at the time.   If the defendant had alleged that the intestate furnished more than was required by the contract, and under such circumstances as to imply a promise of the plaintiff to pay for the excess, a different question would have been presented.   As the case now stands, the defendant is only entitled, if he sustains the averments of the answer by proof, to have the matters therein set forth considered by the jury in passing upon the plaintiff's claim and for the purpose of defeating his recovery.   There was error in the ruling of the Court upon the issues.

New trial.