P. H. BUSBEE et al. v. WESTERN NORTH CAROLINA LAND AND LUMBER COMPANY et al.

(Filed 23 December, 1909.)

1. **Evidence—Questions for Jury.**

    In this case the lower court erred in not submitting the case to the jury, there being sufficient legal evidence in plaintiff's behalf. As it may prejudice the party against whom the ruling is made, the Supreme Court did not discuss the evidence, but called attention to the rulings in *Brittain v. Westall*, 135 N. C., 495; *Avery v. Stewart*, 136 N. C., 430; *Millhiser v. Leatherwood*, 140 N. C., 234; *Craft v. Railroad*, 136 N. C., 50; *Witkowski v. Wasson*, 71 N. C., 54; *Byrd v. Express Co.*, 139 N. C., 276.

2. **Issues—Necessary Findings—Trespass—Title—Fraud.**

    In an action for trespass upon land involving the questions of title, fraud and damages, the court submitted only one issue, to-wit: "What damages, if any, are the plaintiffs entitled to recover?" The Supreme Court disapproved of submitting the case to the jury upon this single issue, though, it seemed, the cause was tried upon its merits, and *Held*, that issues should be so framed as to present for the consideration of the jury every material controverted fact, necessary to be found in order to constitute a good cause of action or defense, so that the appellate court can intelligently pass upon the questions of law presented. *Hatcher v. Dabbs*, 133 N. C., 239, cited and approved.

APPEAL by plaintiffs from *Ferguson, J.*, July Term, 1909, of SWAIN.

The facts are stated sufficiently in the opinion of the Court.

*A. M. Fry* and *W. T. Crawford* for plaintiff.
*Bryson & Black* for defendant.

WALKER, J. We think the Court erred in not submitting the case to the jury upon the evidence introduced. It is difficult to enter upon any discussion as to whether there is evidence which tends to establish the plaintiff's case and to state what it is, by reason of the fact that such a discussion is very apt to prejudice the party against whom the ruling is made. We have laid down the rule in differing forms of expression, by which the court should be guided in passing upon the question as to how the evidence should be viewed when determining whether the case

should go to the jury. "It is well settled that on a motion to non-suit or to dismiss, under the statute, which is like a demurrer to the evidence, the court is not permitted to pass upon the weight of the evidence, but the evidence must be accepted as true, and construed in the light most favorable to the plaintiff, and every fact which it tends to prove must be taken as established, as the jury, if the case had been submitted to them, might have found those facts upon the testimony. Tested by this rule, we think there was some evidence which tended to show that Townsend was acting as agent for the defendant when he bought the lumber." *Brittain v. Westhall,* 135 N. C., 495.

"The verdict may be set aside by the court if found to be against the weight of the evidence, but the right of the plaintiff to have it submitted to the jury cannot be denied or abridged, provided there is some evidence to establish the plaintiff's contention." *Avery v. Stewart,* 136 N. C., 430.

"A judgment of nonsuit requires us to assume that all the evidence which tends to establish the plaintiff's case is true, and to view it in the aspect most favorable to the plaintiff, drawing every reasonable and legitimate inference therefrom which the jury could have drawn had they passed upon the case. All the facts that make for the plaintiff must be taken as established and considered by us; and all those that make against them must be rejected." *Millhiser v. Leatherwood,* 140 N. C., 234.

*Justice Rodman,* for the Court, said, in *Wittkowski v. Wasson,* 71 N. C., p. 451: "Where there is any evidence to support the plaintiff's claim, it is the duty of the judge to submit the question to the jury, who are the exclusive judges of its weight. Of course, after a while it became a question as to what was the meaning of the phrase, 'any evidence.' Did it mean the slightest scintilla of evidence, or such only as that from which a jury might reasonably infer the existence of the alleged fact? The latter view has been established in this State and in England, and, so far as my researches have extended, in other States generally."

The rule is clearly stated by *Justice Douglas* in *Craft v. Railroad,* 136 N. C., 50, as follows: "It is well settled, by a long line of decisions, that upon a motion for nonsuit the evidence of the plaintiff must be taken as true and construed in the light most favorable to him, and, when so considered, if there is more than a scintilla of evidence tending to prove the plaintiff's contention, the question must be left to the jury, who alone can pass upon the weight of the testimony and the credibility of the witnesses."

Summing up all that has been substantially written by us upon the subject, we thus concluded in *Byrd v. Express Co.,* 139 N. C., 276: "It all comes to this: that there must be legal evidence of the fact in issue, and not merely such as raises a suspicion or conjecture in regard to it."

In this case the plaintiffs sued the defendants, the lumber company; J. E. Rebstock and Pattie Ryan alleging that they were the owners of the land described in the complaint, and that the defendants had trespassed upon the same by cutting and removing trees therefrom and doing other injury and damage thereto. At the instance of the plaintiffs, a warrant of attachment was issued and levied upon land described in State grant No. 7324, which was issued to J. J. Calhoun, and it was alleged that the defendants, who were the equitable or beneficial owners of the land, Calhoun being but a trustee for them, had fraudulently caused the legal title to the said land to be conveyed to one Louise E. Mason. The court ordered Louise E. Mason to be made a party, so that the validity of her title might be determined, as between her and the plaintiffs, by issues based upon the allegations of the complaint and the denials of the answer. Louise E. Mason was made a party defendant, and filed an answer, denying the said allegations of fraud. The court submitted an issue, which, with the answer thereto, is as follows: "What damages, if any, are the plaintiffs entitled to recover?" Answer: "Three hundred dollars." We have often disapproved the submission of such an issue. *Hatcher v. Dabbs,* 133 N. C., 239; *Denmark v. Railroad,* 107 N. C., 186. In *Hatcher v. Dabbs, supra,* it was said by us "to have been settled by the numerous decisions of this Court that only the issues of fact raised by the pleadings should be submitted to the jury, and not mere questions of fact growing out of the evidence (*Howard v. Early,* 126 N. C., 170), and such issues as are so raised should be submitted, with this qualification, that it is not required that all the issues should be thus submitted to the jury, but such of them only as are necessary to present the material matters in dispute (*Shoe Co. v. Hughes,* 122 N. C., 296; *Ratliff v. Ratliff,* 131 N. C., 425; *Warehouse Co. v. Ozment,* 132 N. C., 848), and as will enable each of the parties to have the full benefit of his contention before the jury (*Patterson v. Mills,* 121 N. C., 258; *Pretzfelder v. Insurance Co.,* 123 N. C., 164; 44 L. R. A., 424), and with this further qualification, that the issues must also be comprehensive enough to determine the rights of the parties and to support the verdict and judgment in the particular case. *Strause v. Wilmington,* 129 N. C., 99. The provision in our present system

of procedure for submitting issues was adopted for the purpose of enabling the jury to find the material facts with as little consideration as possible for principles of law, sometimes difficult for them to understand and apply, and so that the court, upon the facts thus found, may with greater ease and security declare the law and thus determine the legal rights of the parties. *Bowen v. Whitaker,* 92 N. C., 367. This result cannot be obtained in this case under the issue submitted to the jury. There is no separation of the facts from the law, but the jury are required to consider and decide both the facts and the law, under instructions from the court, it is true, but, nevertheless, in direct contravention of the very spirit and purpose of the Code and the rule of this Court. There is another objection to the issue: it virtually implies that the defendant is liable to the plaintiff, and merely requires the jury to ascertain the extent of the liability, and in this respect it may have confused if it did not mislead them, even though the instructions of the court embraced the various contentions of the parties and were correct in themselves.

We again direct attention to those decisions, in the hope that the issues may hereafter be so framed as to present for the consideration of the jury every material controverted fact necessary to be found by them in order to constitute a good cause of action or a good defense. This is very important in the trial of causes, for this Court cannot, on appeal, intelligently pass upon a case if the facts are not found by proper issues submitted to the jury. The issue as to the damages is not material if the decision of the jury upon the issues constituting the plaintiff's cause of action are found against him. Whether either party is entitled to damages depends upon the finding of the jury whether an injury (using that word technically) or a wrong has been committed. The issue in this case is not even the general issue, which was permissible under the former system of pleading and practice, but has been discarded by the present system.

It seems, though, that upon this imperfect and anomalous single issue the case was tried upon its merits. We have examined the testimony carefully, and, while we refrain from expressing any opinion as to its weight, we must say there was far more than a scintilla of evidence to establish the plaintiffs' cause of action and their consequent right to damages.

There was therefore error in the ruling of the court. The case is remanded, with directions to set aside the judgment of nonsuit and submit the case to another jury, upon the evidence,

under proper instructions from the court. We will not pass upon the other exceptions taken, as they may not arise again.

New trial.