Gaston, Judge.
 

 This is an appeal from an interlocutory decree in the Court below, overruling a demurrer put in by the defendants to the bill of the plaintiffs. The bill, which was filed by Temple Robertson and Everett Robertson, against Patience Stephens, Jacob A. Stephens, Everett Stephens, Henry Stephens,- John Allen and his wife Manda, Gas-ton Lockhart and his wife Rachel, sets forth that Jacob Stephens, formerly of Johnston county, died in 1829, seized of
 
 *248
 
 a large real, and possessed of a large personal, eátate, leaving survivin& wife, the defendant Patience, and the defendants, Jacob, Everett, Henry, Manda and Rachel, his only children by the Said Patience; that before his death the said Jacob duly executed his last will, with all the solemnities to pass real, as well as personal, property, which has been duly proved and recorded, and therein and thereby devised unto his daughter, by a former wife, Joanna Stephens and her heirs, a certain tract of land, whereof he was possessed at the date of his will, and continued possessed until
 
 his death.
 
 , The bill further states that the said Joanna, in the month of December, 1830, intermarried with the plaintiff, Temple, and by that marriage had issue the plaintiff Everett, and after-wards, in December, 1831, died; that in the will of Jacob Stephens there is a clause in the following words, “ my will and desire further is, that all my property of every description that I am possessed of, stay in the possession of my wife until she can raise money and pay a certain debt that I owe to Thomas Rice for land to the amount of one thousand dollars;” and that by virtue of this clause in her deceased husband’s will, the defendant Patience, upon his death, took possession of the tract so devised by the testator to,his daughter Joanna, and she and the defendant Jacob, acting under her authority, have ever since cultivated the land, deriving
 
 large
 
 profits therefrom, have cut down the timber growing on it, and otherwise greatly wasted and impoverished it, notwithstanding the debt to Rice had been long since paid, and notwithstanding the plaintiff Temple had before offered to pay off the part of said debt, with which the tract aforesaid was by the will chargeable. The bill proceeds to state, that the plaintiffs have applied to the said Patience, and requested her to account with them for the rents of the said land and the waste thereon committed, and to surrender the possession thereof; but she hath refused to comply with such request, upon the pretence that nothing passed by the devise of the said land unto Joanna, the late wife' of the plaintiff Temple, and mother of the plaintiff Everett.
 

 The bill shews that at, and before the year 1807, one Ev
 
 *249
 
 erett Pearce,' the father of the defendant Patience, was ed of the said land in fee, and being «So seized he duly devised the same unto Jacob Stephens (then the husband of the said Patience) and the Said Patience for their joint lives with remainder to the survivor for life, with remainder to their children in fee, and the said Patience and the other defendants now set up and insist upon the legal title in the said land so derived under the said will, and the plaintiffs are therefore unable at law to recover the possession of the land, or to call the said Patience to account for the rents thereof or the waste thereon; but the plaintiffs are advised, and do insist that the said Joannah under' the devise aforesaid in her father’s will, acquired the entire equitable estate in the said land, and upon her death the same vested in the plaintiff Temple as tenant by the courtesy with remainder in fee to the plaintiff Everett, the only child and heir at law of the said Joanna, for they charge that in and by the said will, the said Jacob Stephens devised and bequeathed unto the said Patience, his widow, and the defendants, his children by the said Patience, other valuable lands whereof he was seized, and divers valuable slaves and other personal chattels; .and that the said Patience and the said defendants, the children of the said Jacob and Patience, have elected to take and do enjoy the lands and personal property so devised and bequeathed to them respectively, and therefore cannot be allowed to disappoint the said will, and deprive the plaintiffs so claiming under the said Joanna ol the land so devised to her in the same will; or that, if the said Patience and the other defendants have not yet elected whether to take the lands and personal property so devised and bequeathed by the said Jacob under the said will, or to claim and hold the tract of land devised therein to the said Joanna under their legal title, in.opposition to the said will, they ought now to make and will be required to make, such election. The prayer of the bill is, to have the possession of the land surrendered, and for an account from the defendant Patience, if an election has not yet been made, that the defendants hi ay be required to make their election, and for general relief.
 

 
 *250
 
 The appellants contend that the demurrer ought to have ^een sustained, and rSst their arguments upon three grounds.
 

 In the first place they insist that upon the matters set forth jn
 
 foe
 
 bill, it is apparent that the plaintiff Temple hath no interest in the subject matter thereof, and is improperly joined as a party plaintiff. They argue that he claims to be tenant by the courtesy of the land devised in fee to his wife, but he cannot so be unless his said wife was actually seized of the land, or rather had such enjoyment thereof, as, in an equitable estate, is equivalent to an'actual seizin at law, and this seizin was prevented, because of the possession of the defendant Patience, during the whole time of the coverture. The possession is alleged in the bill to have been holden under the clause, subjecting the profits of the testator’s estate, so far as might be necessary,
 
 to
 
 the payment of the debt to Hice. Now it seems to us very clear, that if .the legal fee had passed under the will to Joanna, such a possession would not have interrupted her actual seizin of the freehold. The interest of the possessor could not have been regarded as of a higher character than a term or' chattel interest, and the possession of a termor is the seizin of him, who hath the inheritance. See Guavare’s case cited, 8 Coke, 96 a. And in analogy to this it was laid down by Lord Hardwicke in
 
 Roberts
 
 vs.
 
 Diswell, 3
 
 Atk. 609, that in the case of a trust estate for payment of debts, the husband may be tenant by the courtesy, for it is only a chattel interest in the trustee, and the first taker hath the freehold over.
 

 The next objection to the bill, is, that it is multifarious, for that it improperly joins distinct claims against different persons. In order to determine whether a bill is multifarious, the enquiry is not* whether each party is connected with every branch of the cause, but whether the bill seeks relief in respect of matters which are, in their nature, separate and distinct.
 
 Vann
 
 vs.
 
 Hargett,
 
 2 Dev & Bat. Eq. Ca. 35.— Tried by this test,, it seems to us, that this bill is not liable to * the objection of multifarionsness. Both the plaintiffs have interest on one side, and all the defendants have a cornmon interest on the other, in the decision of the main matter of controversy — the right of Joanna Stephens in the land
 
 *251
 
 devised to her — and all may therefore be joined in a brought to decide it. It has also been objected that some the defendants
 
 are femes
 
 coverts, and cannot make an election. There are matters, certainly, in respect to which
 
 femes coverts
 
 are in Equity as well as at law under a personal incapacity to act — and one of these is a case of
 
 “
 
 election.” Thus where land is, by the law of the court, converted into money or money into land, such notional conversion will not be compelled, if the
 
 cestui que
 
 trust, the absolute owner, elect to take the property in its original character. Such an
 
 election
 
 a
 
 feme covert
 
 or an infant has not the capacity to make. But election between two inconsistent rights, where there is a clear intention of him, under whom one of them is derived, that both shall not be enjoyed — and where therefore it is against conscience to enjoy
 
 both
 
 — it is every day’s practice to enforce against
 
 femes coverts
 
 and infants. See
 
 Gretton
 
 vs. Howard, 1 Swans 409, and 1 Roper Hus. and Wife 22—
 
 Darlington
 
 vs. Pultney, 2 Ves. Jr. 544, and 3 Ves. Jr. 384—
 
 Wilson
 
 vs.
 
 Townshend,
 
 2 Ves. Jr. 693.
 

 On the whole we see no error in the interlocutory decree, from which the appeal has been taken. This opinion will be certified to the court below, and the appellants must pay the costs of the appeal.
 

 Per Curiam. Interlocutory decree below affirmed with costs.