Battle, J.
 

 The difficulties suggested by the pleadings as
 
 *19
 
 to the construction of the will and codicil of the plaintiffs’ testator, do not arise so much from ascertaining what his intention is, as from determining whether it be in accordance with law. He declares in terms, which cannot he misunderstood, that all his property with certain specified exceptions, shall be divided between all his children, but in certain proportions between his sons and daughters, and that such division shall be made at a certain time. He then, after expressing the expectation that the grandfather of his children by his last two wives, (who were sisters) would give them some property, declares in unequivocal language that such property is to be taken into the account and divided among all the children in the prop ortion above specified. The only question upon this part of the will is, whether the equitable doctrine of election applies ? and we do not hesitate to say that it does. To originate this doctrine, two things are said to be essential: First, that the testator shall give property of his own; and secondly, that he shall profess to give also the property of his legatee or devisee.
 
 Adams Eq.
 
 93;
 
 Wilson
 
 v.
 
 Arny.
 
 1
 
 Dev.
 
 and
 
 Bat. Eq. Rep.
 
 376. The present case would be directly within the rule, if 'William McLeod had died in the life time of the plaintiffs’ testator, so that the property which he bequeathed to his grand children had become theirs in the life time of their father. Can it make any difference in principle that the property w-as not acquired by the five younger children of the testator in his life time, though it did become theirs prior to the time fixed upon by their father for the division of his estate? The counsel for the younger children contend that it does make a difference, and for it cites the case of
 
 Owen
 
 v.
 
 Owen,
 
 Bus. Eq. Rep. 121. The argument is, that the testator cannot assume to dispose prospectively of property which may or may not become vested in his legatees or devisees, so as to pat them to an election. But we think that the principle upon wli ich
 
 i
 
 lie doctrine of election is founded, will apply to that case as well as any other. It is this, “that one who takes a bounty Tinder an instrument, is under an obligation to give effect to the whole instrument, or rather that tho donor intended that he should not enjoy that bounty if lie disappointed that
 
 *20
 
 bestowed on another in the same instrument.” Th¿ case of
 
 Owen
 
 v. Owen, instead of militating against, rather confirms this view. The decision was, that as a period for the division-of his property between his wife and children was fixed by the testator, the Court could not postpone that division for an indefinite period to await the uncertainty, whether one of the children should get any property from her grand father, who was- then living. The Court abstained indeed from expressing any positive opinion upon the effect which the daughters getting property from her grandfather might have produced, but from the manner in which they expressed themselves, it may at least be inferred, that they thought it would have been taken into account, had she received it before such division was required to be made.
 

 That the parties who are required to elect in this case are infants, will not prevent an election, from being decreed.
 
 Robertson
 
 v.
 
 Stephens,
 
 1 Ire. Eq. 247. The Court will in sucb cases refer it to the master to enquire- and ascertain the value of both interests, and then direct what election shall be made.
 
 Adams Eq.
 
 96.
 
 Gretton
 
 v.
 
 Howard,
 
 1 Swan’s Rep. 409.
 

 The second and only remaining question arises upon the codicil. There can he no doubt of the power of the testator to-provide for the disposition of his Ring boro-’ farm in- the manner specified. It is admitted by all the parties, that it has been abandoned, and will never be occupied again as a common home. "Were theparties all adults, there eouldbeno question but that "William McLeod McQueen would be entitled to-falce tire farm upon paying one half of its estimated value to-bis brothers and sisters in the. proportion mentioned. But as minors cannot make any admission to their prejudice, a reference must he made to ascertain the facts, and enquire whether it would be to the advantage of the minors to occupy the farm as a common home
 
 \
 
 A decretal order inay he drawn in accordance with this opinion, and the cause will be retained for further directions upon the coming in of the report.
 

 Pee OuRiAM. Decree accordingly.