BARBARY SIGMON v. JOHN HAWN.

*Doctrine of Election— Will— Widow— Estoppel.*

1. Where there is a plurality of rights, the party from whom one is derived intending that both shall not be enjoyed, the doctrine of election is enforced by the court.

2. Therefore, where a widow sues for a tract of land, which was hers before marriage but disposed of by her husband's will, and sold to defendant by the executor; and by the same will devises and bequests were made to her which she accepted and enjoyed for two years, and dower under the will was allotted to her; *Held* that the plaintiff is not entitled to recover, first, by reason of the estoppel arising out of her election, and secondly, of that growing out of the *judgment of the court in the* dower proceeding.

CIVIL ACTION tried at Fall Term, 1881, of BURKE Superior Court, before *Seymour, J.*

When this cause was before the court at the last term (86 N. C., 310) it was remanded in order that it might be certainly ascertained, whether the land which is now the subject of controversy had been embraced in the plaintiff's petition for dower, and had been treated by the parties and recognized by the court as belonging to the estate of her late husband, whereby she might be estopped from asserting her present claim to it.

It is now admitted by counsel for the defendant, that such is not the case, and that notwithstanding the similarity of description, as set out in the complaint filed in this action and that contained in the plaintiff's petition for dower, the land spoken of in the two instruments are in fact distinct tracts.

We have therefore to consider the rights of the parties in the premises, irrespective of any estoppel depending upon the identity of the lands involved.

In order that the point presented (for there is but one single one) may be the more easily understood, we recapitulate the facts as established by the pleadings and the findings of the judge in the court below—a trial by jury in that court having been waived by the parties.

The plaintiff sues for the possession of a tract of land, claiming to be entitled to the same in fee simple and of her own right. The defendant concedes that the land once belonged to her, but insists that the same was disposed of by the will of her late husband, Abel Sigmon, who directed the same to be sold by his executor, and by the same will made devises and bequests to the plaintiff, which she accepted and enjoyed, with a full knowledge of her right to the land, and thereby bound herself to submit to the provisions of the will.

The land in question was the property of the plaintiff before her marriage to said Sigmon in 1869. In 1877 her said husband being seized in his own right of a tract of

of land, known as the "Gross Tract," devised the same to J. L. and H. H. Sigmon, his two sons by a former marriage, provided they would support the plaintiff and her only child Mary Sigmon, but in case they failed to do so to the satisfaction of the plaintiff, then at her election she should have the rents of the "Gross Tract" or take dower in his estate.

By the same will, the testator directed his wife's land lying in Burke county, (it being that in controversy) and another tract of his own known as the "Rocket tract," to be sold by his executor and with the proceeds his debts to be paid, and the residue to be divided equally amongst his wife and certain of his children.

At the time of the execution of said will, the plaintiff signed a paper writing which was incorporated in the will, whereby she professed to relinquish her right in her own land and all claim upon the "Rocket tract," as to which, however, she was never privily examined, nor has the same ever been registered.

After the lapse of nearly two years from the probate of her husband's will, the plaintiff filed with the judge of probate what purported to be her written dissent to the will, and at the same time a petition asking for dower in the Gross and Rocket tracts, as belonging to the estate of her husband. The heirs at law of the husband, being made parties defendant to said petition, opposed the claim of the plaintiff, and in their answer insisted that by her failure to dissent from the will within six months, she had elected to take under the will, and could only therefore have the dower allowed her in the will.

After consideration the judge of probate denied the plaintiff's right to have dower under the statute, because of her failure to dissent within the six months, but adjudged her to be entitled to dower under the will of her husband, and accordingly directed it to be so allotted to her, and the same

was done—the dower given her being just what she would have been entitled to, had there been no will.

Afterwards the executor sold the land, now in dispute, to the defendant, and received from him the purchase money in full.

Besides the provision for the plaintiff before mentioned, the testator bequeathed certain personal property to her, not exceeding however in value the personalty which came to his hands, with her, at the time of their intermarriage. He also gave a legacy to her daughter (Mary) of $400, which amount exceeded the legacies given to his other children.

Upon the foregoing facts the judge below ruled as a conclusion of law, that the plaintiff was never put to her election as to whether she would take under or against the will, and that the allotment of dower to her under the circumstances was no act of election, by which she was barred from setting up claim to the land originally her own, and thereupon adjudged that she recover the same from the defendant. From that judgment the defendant appealed.

No counsel for plaintiff.
*Messrs. G. N. Folk* and *M. L. McCorkle,* for defendant.

RUFFIN, J., after stating the facts. This court cannot concur in the view which the learned judge seems to have taken of the law governing the case.

Whenever there is a plurality of rights, with a clear intention, express or implied, of the party from whom one is derived, that both shall not be enjoyed, the doctrine of election is enforced by the courts. The person who is to take has a choice, but cannot enjoy the benefits of both. 2 Story's Eq. Jur., § 1075.

The foundation of the rule is, that no one can be permitted to accept and reject the same instrument; and in every case, therefore, coming before the courts in which such alterna-

tive rights are presented, there is but one thing left to be done, and that is, to ascertain the intention of the party from whom the last right emanates, and to know whether that intention would be frustrated by permitting both rights to be enjoyed by the same person.

In the case at bar, we have a plain instance of the occurrence of inconsistent rights in the same person; the right of the plaintiff to have and enjoy her own land, and the right to a support for herself and infant daughter, assured to her out of her husband's estate; this latter right growing out of his will, and by which instrument he at the same time undertook to dispose of her land, away from her. And as to the intention with which this was done, there cannot be the least room for doubt, since, so careful was he to manifest his purpose to be, that she should not enjoy the benefit of both rights, he caused her to relinquish the one at the very moment he created the other.

It is true that this relinquishment might have been ineffectual if repudiated in time, but it comes too late after she has accepted and enjoyed for two years the provision made in the will—she being all that while *sui juris*.

If instead of applying at any time for dower, the plaintiff had been content to enjoy the support guaranteed to her in the will and made a charge upon the lands devised to her husband's two sons, can any one suppose that she would have been been permitted at the same time to defeat her husband's intentions as to the sale of her lands, in the proceeds of which the very persons thus charged with her support were to share? and if not, why should not the same consequence attend her voluntary acceptance of the other provision made for her in the will, by taking dower thereunder—this right being expressly given her in lieu of the support previously secured to her, and to be enjoyed only at her election, and because the other arrangement might be unsatisfactory to her?

Indeed the plaintiff in this action seems to us to be resting under two estoppels, either one of which has force sufficient to bar her right to recover the land in controversy: First, that arising out of her election, knowingly made, between the right to have her own land and the inconsistent one bestowed upon her in her husband's will; and secondly, that growing out of the judgment of the probate court in the proceedings for dower, when her right to assert any claim contrary to the provisions of that will, was denied by the heirs and solemnly passed upon and concluded by the court.

Our conclusion therefore is, that there is error in the judgment of the court below, and the same is reversed, and judgment will be entered here for the defendant who will also recover the costs of the action.

Error.                                  Judgment accordingly.