## LEHEW v. HEWETT.

(Filed February 25, 1902.)

REFORMATION OF INSTRUMENTS—*Deeds—Evidence—Questions
    for Jury.*

> Whether certain evidence in an action for the reformation of a
> deed is strong, clear, and convincing, is a question for the
> jury.

ACTION by S. W. Lehew against Frank B. Hewett and
others, heard by Judge *George H. Brown* and a jury, at Octo-
ber Term, 1900, of the Superior Court of BRUNSWICK
County. From a judgment for the defendants, the plaintiff
appealed.

*Iredell Meares,* for the plaintiff.
*Bellamy & Peschau,* for the defendants.

CLARK, J. This is an action for reformation of a deed
executed to plaintiff's former wife. The plaintiff testified
that he paid the purchase-money himself, and directed that the
deed should be made to himself; that he did not intend to
have the deed made to his wife; that he directed his wife's
brother, from whom he bought the land, to have the deed
drawn to plaintiff, and that the said grantor had the deed re-
corded; that he (the plaintiff) did not discover till after the
registration that the deed was executed to his wife. One of
the defendants testified that the plaintiff paid the purchase-
money. No fraud was alleged or proved, and his Honor cor-
rectly held that, in order to reform a deed for mistake, the
proof should be clear, strong and convincing. *Cobb v. Ed-
wards,* 117 N. C., 244. The evidence was sufficient to be
submitted to the jury, with the instruction that it must be
clear, strong and convincing to warrant a verdict for the
plaintiff, but whether it was or was not "strong, clear and

convincing" was to be determined by the jury and not by the Court, otherwise the jury would be useless.

"The Judge has no more right when the testimony, if believed, is sufficient to be submitted to the jury, to determine in the trial of civil actions what is strong, clear and convincing proof, than he has in the trial of a criminal action to express an opinion as to whether guilt has been shown beyond a reasonable doubt." *Cobb v. Edwards,* 117 N. C., at page 253, citing *Hemphill v. Hemphill,* 99 N. C., 436. His Honor should have submitted the case to the jury under a charge that while it required clear, cogent and convincing proof, not merely a preponderance of evidence, in order to reform a deed for mistake, it was for the jury to determine from the evidence whether any mistake had been made in drafting the deed, and in order to do so, that they should be *fully satisfied* that the mistake had been made, before they could find for the plaintiff. In refusing to submit the case to the jury there was

Error.