JONES v. WARREN.

(Filed March 8, 1904).

1. CORROBORATION OF WITNESSES—*Evidence—Witnesses.*

In an action to correct a mutual mistake as to the amount of certain mortgage notes, declarations by the plaintiff, before the papers were drawn, are competent to corroborate his testimony as to the same.

2. NONSUIT—*Trial—Waiver—Exceptions and Objections.*

The introduction of evidence by the defendant after a motion to nonsuit at close of the evidence of plaintiff, waives the exception.

3. EVIDENCE—*Questions for Court—Questions for Jury—Reformation of Instructions.*

In an action to reform a mortgage, the trial judge should not instruct the jury that the evidence is not strong, clear and convincing, there being sufficient evidence to submit to the jury.

4. SUFFICIENCY OF EVIDENCE—*Evidence—Reformation of Instruments.*

In this action to reform a mortgage on account of the mutual mistake of the parties thereto, the evidence is sufficient to be submitted to the jury.

JONES *v.* WARREN.

ACTION by Martin Jones against J. C. and T. D. Warren, heard by *Judge W. B. Council* and a jury at Fall Term, 1903, of the Superior Court of CHOWAN County. From a judgment for the plaintiff the defendants appealed.

*W. M. Bond,* for the plaintiff.
*Pruden & Pruden* and *Shepherd & Shepherd,* for the defendants.

CLARK, C. J. This is an action to ascertain the balance due upon a mortgage executed by the plaintiff to the defendant to secure the balance of the purchase-money upon the land which had been conveyed to the plaintiff by the defendant, and an injunction pending the action. The complaint alleged that the purchase price was $8 per acre; that the deed recites a consideration of $1, but that the mortgage notes were written upon the basis of $10 per acre, allowing credit for amounts paid before the execution of the mortgage; that the plaintiff is an ignorant man, unable to read or write, and that the defendant wrote all the papers. The jury found that the plaintiff was entitled to the credits claimed, and that the agreed price was $8 per acre, and there was judgment in favor of the defendant for the balance due upon such findings and a decree of foreclosure if such balance was not paid by a day named. The defendant appealed.

The plaintiff was allowed to state that after he had contracted with the defendant and before the papers were drawn up, he (the plaintiff) stated to one Byrum that the agreement to buy was for the price of $8 per acre, and further, Byrum testified that the plaintiff did make such statement to him at that time. The first and second exceptions were to the above evidence, but it was competent to corroborate the plaintiff, who had testified that $8 per acre was the

agreed price. *Burnett v. Railroad Co.,* 120 N. C., 517, and cases there cited; *Ratliff v. Ratliff,* 131 N. C., 431.

The third exception, for refusing to nonsuit the plaintiff at the close of his evidence, was waived by the defendant introducing evidence. *Ratliff v. Ratliff,* 131 N. C., 428; *McCall v. Railroad,* 129 N. C., 298; *Means v. Railroad,* 126 N. C., 424.

The fifth exception is that the Court refused to tell the jury that the evidence was not strong, clear and convincing. In *Cobb v. Edwards,* 117 N. C., at p. 253, the Court said: "The Judge has no more right when the testimony, if believed, is sufficient to be submitted to the jury, to determine in the trial of civil actions what is strong, clear and convincing, than he has in the trial of a criminal action to express an opinion as to whether guilt has been shown beyond a reasonable doubt." This has been cited and approved, *Lehew v. Hewitt,* 130 N. C., 22, and by *Douglas, J.,* in *Ray v. Long,* 132 N. C., at p. 891.

The fourth exception, for refusal to nonsuit the plaintiff at the close of the evidence, and the fifth and sixth exceptions, for refusal to charge that there was not sufficient evidence, and that upon all the evidence the jury should answer the first issue "No," present substantially the same question and should be considered together. Fraud is not charged, and the case in its general features resembles *Day v. Day,* 84 N. C., 408, and *Lehew v. Hewitt,* above cited. The action is in the nature of a proceeding to reform the mortgage notes, on the ground that by mutual mistake or the misapprehension or imposition of the draftsman (the defendant) the contract was not correctly reduced to writing. The plaintiff testified that the contract price was $8 per acre; that the defendant made the calculations and wrote all the papers; that these were not read over to the plaintiff, who could neither read nor write; that he signed them

because the defendant told him they were written according to the contract, and that he believed him. The plaintiff is corroborated by Byrum, who says the plaintiff told him at the time that the contract price was $8 per acre; also by Charles Jones and William Jones, who testified that they were present when the contract was made and that the bargain was $8 per acre. The plaintiff further testifies that he did not know, till just before bringing this action, that the notes were drawn upon the basis of $10 per acre, and that he had tried to find out from the defendant what was the amount due on the notes, but he had put him off; that he did not see the notes till after this action was begun, and that the only paper he had, the deed, drawn also by the defendant, did not set out the purchase price, but recited a consideration of $1 only. The only testimony that the contract price was $10 per acre is that of the defendant, who had himself drawn the papers.

If this evidence might tend to sustain a charge of fraud, the defendant certainly cannot complain that such charge is not made, and that the action is restricted by the complaint and issue (submitted without objection) to an inquiry whether there was a mutual mistake in drawing up the notes. It is no prejudice to the defendant, the draftsman, that his error in drawing up the notes is claimed to be due to mistake and not to fraud on his part. *Moffitt v. Maness,* 102 N. C., 457, and *Taylor v. Hunt,* 118 N. C., 171, relied on by the defendant, seem to us not to be in point. Those were cases in which it was attempted to vary or contradict a written instrument by a cotemporaneous parol agreement. Here the contention is that the agreement made was incorrectly put into writing by the mutual mistake of the defendant, who drew the papers, and of the plaintiff, who, being unable to read and write, was unable to correct the error, the papers not being read over to him.

A mistake of one party will not entitle him to correction of a written instrument, but when there is mutual mistake or mistake on one side, and either fraud, surprise, undue influence, misapprehension, imposition or like cause on the other, giving rise to the plaintiff's mistake, the Court will give relief. *White v. Railroad,* 110 N. C., at p. 460; *Day v. Day, supra;* 20 Am. & Eng. Ency. (2 Ed.), 823.

No Error.