EARNHARDT v. CLEMENT.

(Filed November 30, 1904).

1. PARTIES—*Husband and Wife—Specific Performance—The Code, secs. 178, 183.*

In an action by a married woman to compel the conveyance of bank stock, her husband is not a necessary party.

2. WITNESSES—*Examination of—Trial—Judge—Questions for the Court.*

Allowing the examination of a witness before the introduction of evidence to show the competency of his testimony is within the discretion of the court.

3. NONSUIT—*Waiver.*

An exception to refusal to nonsuit at the close of plaintiff's case is waived by introduction of evidence by defendant without renewal of the motion at the close of all the evidence.

4. INSTRUCTIONS—*Issues—Trial—Jury.*

Instructions that on a certain state of facts "plaintiff cannot recover" are properly refused.

5. SPECIFIC PERFORMANCE—*Estoppel—Contracts—Stocks— Wills.*

Where a testator contracted to bequeath certain securities to the plaintiff, but instead bequeathed them in trust for her, the reception of the dividends for a number of years did not estop her from suing for specific performance of the contract.

6. WILLS—*Trusts—Contracts.*

A bequest of property in trust is not a substantial compliance with a contract to bequeath it absolutely.

7. LIMITATIONS OF ACTIONS—*Husband and Wife—Acts 1899, chap. 78.*

The statute of limitation of three years does not run against a married woman until she becomes of age.

8. SPECIFIC PERFORMANCE—*Wills—Trusts—Contracts.*

The specific enforcement of a contract to bequeath certain personalty in return for personal service is not unjust, where the contract is for a valuable consideration, not procured by undue influence or any imposition, is faithfully performed, and the decree will not result in hardship.

9. EVIDENCE—*Trusts—Parol—Questions for the Jury—The Code, secs. 413, 590.*

In an action for the specific performance of a contract, whether certain evidence is clear, strong and convincing is for the jury.

ACTION by A. E. Earnhardt and wife against L. H. Clement, executor of Tobias Kestler and others, heard by *Judge M. H. Justice* and a jury, at May Term, 1904, of the Superior Court of ROWAN County. From a judgment for the plaintiffs the defendants appealed.

*Overman & Gregory,* for the plaintiffs.
*Burton Craige* and *L. H. Clement,* for the defendants.

CLARK, C. J.  This is an action for specific performance of a contract to bequeath the fifty shares of bank stock, which the testator then owned, to the *feme* plaintiff absolutely and in her own right in consideration of services to be rendered by her to the testator.  Her husband is joined as co-plaintiff, but as he has no interest in the action it was unnecessary. The Code, secs. 178 (1) and 183.  Upon issues submitted the jury found that the testator so contracted that the *feme* plaintiff faithfully and fully performed the services stipulated for, but that the testator bequeathed the said bank stock, not absolutely to plaintiff in her own right as agreed, but to a trustee for the benefit of plaintiff during her life and after her death to her children, and if she should die without issue then to the grandchildren of the testator.  The Court having rendered

judgment in favor of the plaintiffs, the defendants appealed, assigning as errors:

1. The permission to examine a medical witness out of his order upon assurance that the preliminary evidence to make it competent would be introduced later, which was done. This exception was properly abandoned here. It was a matter in the discretion of the trial Court. *Ripley v. Arledge,* 94 N. C., 467.

2. The exception for refusal to nonsuit at the close of plaintiff's evidence was waived by the introduction of evidence by defendant, without renewing the motion at the close of all the evidence. *Jones v. Warren,* 134 N. C., 392.

3. Exceptions to refusal to grant prayers concluding "plaintiff is not entitled to recover," cannot be sustained under the present system in which the jury does not render a general verdict but responds to specific issues. *Witsell v. Railroad,* 120 N. C., 558; *Bottoms v. Railroad,* 109 N. C., 72, and cases cited. Besides, if in proper form, their instructions were properly refused. The first prayer asked an instruction that if the jury believed the evidence the plaintiff could not recover. The evidence was properly left to the jury. The second prayer that the bequest in trust for life, etc., * * * was a substantial compliance with the contract alleged by the plaintiff was properly refused, and needs no discussion. The third prayer was that the *feme* plaintiff, having received the dividends on the stock for seven years, had elected to take under the will and is estopped from claiming under the contract, and the fourth prayer is that the plaintiffs are estopped by accepting the dividends on the stock from claiming against the will.

It is true, as the defendant claims, that a party cannot claim benefits under the will and against it (*Brown v. Ward,* 103 N. C., 173; *Sigmon v. Hawn,* 87 N. C., 450), and that the estoppel thereupon arising can be enforced against *femes*

*covert* and infants. *McQueen v. McQueen,* 55 N. C., 16, 62 Am. Dec., 205; *Robertson v. Stevens,* 36 N. C., 247. But before the doctrine of election can arise "two things are essential: First, testator must give property of his own; second, he must profess to dispose of property belonging to his donee." 11 Am. & Eng. Ency., 65; Adams Eq., sec. 93; *Price v. Price,* 133 N. C., 510. This is not the case here. There are no inconsistent benefits. By receiving the dividends on stock the capital of which she was entitled to have absolutely, she only accepted part of what was her due, and nothing beyond her own. It put neither her nor the estate at a disadvantage. The Statute of Limitations was pleaded and is a different matter from an estoppel. The Statute of Limitations runs against a married woman since the passage of chapter 78, Acts 1899, but the *feme* plaintiff brought this action against the trustee within three years after becoming of age. The Judge properly told the jury that the action was not barred, to which indeed the defendant did not except; and the mere receipt of the dividends on her own stock does not, as we have said, bar her claiming the stock itself.

The defendants moved for judgment on the verdict upon the ground that the decree of specific performance would be inequitable and unjust. The motion was properly denied. The contract was (*a*) for a valuable and fair consideration, (*b*) fair, just and mutual, (*c*) not procured by undue influence *or* any imposition, (*d*) plaintiff fully and faithfully performed her part, and (*e*) the decree is not oppressive, harsh or inequitable, nor will it work hardship and injustice to any one. *Boles v. Caudle,* 133 N. C., 534. If, as the jury find, the contract was that the *feme* plaintiff should have this stock absolutely after the testator's death, and she rendered, as is found, the services agreed upon, there is no reason for requiring her to take merely the dividends thereon, nor is she estopped by having received only the dividends (less the trus-

EARNHARDT *v.* CLEMENT.

tee's commission) for several years. There are dangers in litigation of this kind to set up alleged contracts with persons since deceased; but aside from the protection of section 590 of The Code, the following instruction of the Court (which is unexcepted to) was fully as careful of the defendants' interests as they could ask. His Honor told the jury that "a person may make a valid agreement binding himself to dispose of his property in a particular way by last will and testament; but such a contract, especially when it is attempted to be established by parol, is regarded with suspicion, and not sustained except upon the strongest evidence that it was founded upon a valuable consideration, and except upon strong, clear and convincing proof." He was prohibited by section 413 of The Code from expressing an opinion upon the weight of the evidence, and could not instruct the jury that this was or was not clear, strong and convincing. That was a matter for the jury, subject to the corrective power of the Judge to set aside the verdict. *Jones v. Warren, supra; Ray v. Long,* 132 N. C., 894; *Lehew v. Hewitt,* 130 N. C., 22.

No Error.