## LASSITER v. RAILROAD.

(Filed December 6, 1904).

NEGLIGENCE—*Contributory Negligence—Question for Jury—Acts (Private) 1897, chap. 56—Last Clear Chance.*

> The question whether, notwithstanding the contributory negligence of an employee, in an action for his death, the defendant had the last clear chance to avoid the injury and would have done so by the exercise of proper care, is not taken from the jury because of a rule of the company, in a book for which the employee had receipted, providing that "when a train is being pushed by an engine (except when shifting and making up trains in yards) a flagman must be stationed in a conspicuous position on the front of the leading car to immediately signal the engineer in case of danger."

ACTION by Albert Lassiter against the Raleigh and Gaston Railroad Company and another, heard by *Judge George H. Brown,* at April Term, 1904, of the Superior Court of WAKE County. From a judgment for the plaintiff the defendant appealed.

*Battle & Mordecai* and *N. Y. Gulley,* for the plaintiff.
*Day & Bell, T. B. Womack* and *Murray Allen,* for the defendant.

CLARK, C. J. This case was before this Court, 133 N. C., 244. The defendant appellant says in its brief that "the facts developed by the plaintiff's testimony on the second trial do not differ materially from those on the former trial," but adds that the defendant had put in evidence Rule 404 of the Rule Book (for which book plaintiff's intestate had receipted), which reads as follows: "When a train is being pushed by an engine (except when shifting and making up trains in yards) a flagman must be stationed in a conspicuous position on the front of the leading car to immediately signal

the engineer in case of danger." The first exception for refusal to dismiss at the close of the plaintiff's testimony was waived by the introduction of evidence by the defendant. *Prevatt v. Harrelson,* 132 N. C., 251; *Jones v. Warren,* 134 N. C., 392, and, besides, is settled by the former decision in this case. The second exception is to the admission of evidence that greater care must be exercised in moving cars in a large town than in a small one. This is so held, *Arrowood v. Railroad,* 126 N. C., 631, and even if it had been error it would be harmless error. This is not a yard off to one side of the town, but it was a side track in the main street of the town, and the town ordinance forbidding a higher rate of speed than six or eight miles was proved. The third exception for refusal to nonsuit at the close of all the evidence was properly refused upon the former ruling in this case. Any conflict created by the defendant's evidence was a matter for the jury. The fourth exception merely raised the same point by asking the Court to instruct the jury that upon the whole evidence the plaintiff could not recover. The fifth exception is without merit, for the Court in its charge did instruct the jury, as asked, that the plaintiff's intestate in any aspect of the evidence was guilty of contributory negligence and the jury so found. Whether this did not conflict with what was said in *Smith v. Railroad,* 132 N. C., 824, is not before us on this appeal by the defendant.

Exceptions 6, 7, 8, 9, 13 and 16 depend upon the effect of Rule 404 and present really the only question in this appeal, the others having been decided on the former appeal. This rule can affect the right to recover only upon the assumption that it was a contract by the deceased, by implication, that "when shifting and making up trains in yards, a flagman need not be stationed in a conspicuous position on the front of the leading car to immediately signal the engineer in case of danger." If the intestate had en-

tered into an express stipulation to that effect it would have been void. Acts (Private) 1897, chap. 56; *Coley v. Railroad,* 128 N. C., 537, 57 L. R. A., 817; *Mott v. Railroad,* 131 N. C., 234; *Sigman v. Railroad,* 135 N. C., 184. Whether or not, notwithstanding the contributory negligence of the plaintiff's intestate, the defendant had the "last clear chance" to avoid the injury and would have done so by the exercise of proper care, was a question of fact properly submitted to the jury. The plaintiff was not, as defendant contends, barred of the right to have that question submitted to the jury by reason of Rule 404.

Exceptions 10, 11, 12, 14, 15, 17 and 20 were settled by the former decision of this case. Exception 18 is to the usual charge as to the "last clear chance," which was given in accordance with what was held in the former appeal, 133 N. C., near bottom of page 247. Exception 21 is to charge in favor of the defendant.

The appeal substantially presents the proposition that the Court should have told the jury, as a proposition of law, that it was not negligence in the defendant, as to an employee, not to have some one stationed in a conspicuous place on the front of the leading car to immediately signal the engineer in case of danger, when shifting cars backwards on the side track in Henderson. The Court submitted to the jury the question whether there was negligence of the defendant in that respect upon the facts of this case, and whether, notwithstanding the contributory negligence of the plaintiff's intestate, such negligence of the defendant (if the jury found it to be negligence) was the proximate cause of the death of the plaintiff's intestate. In this there was no error of which the defendant could complain. *Smith v. Railroad,* 132 N. C., 824. A case exactly in point upon almost identical facts is *Railroad v. Boisseau,* 32 Canada, 424.

No Error.