### R. D. COLE MFG. CO. v. MENDENHALL.

(Circuit Court of Appeals, Fourth Circuit. March 8, 1917.)

No. 1491.

1. COURTS ⬩405(17)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Under rule 11 for the Circuit Court of Appeals (150 Fed. xxvii, 79 C. C. A. xxvii), declaring that, when the error alleged is as to the admission or rejection of evidence, the assignment should quote the full substance admitted or rejected, assignments of error to the admission of evidence, which point out the questions that were propounded, but fail to state the several answers sought to be obtained, are insufficient.

---

.2. APPEAL AND ERROR ☞231(3)—REVIEW—PRESENTATION OF GROUNDS IN COURT BELOW—NECESSITY.

Assignments of error to the admission of evidence cannot be considered on appeal, where the objections were general, and did not point out the specific grounds for the rejection of such evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 194.]

3. TRIAL ☞419—MOTION TO DIRECT VERDICT—MODE OF MAKING.

In an action tried in the District Court of North Carolina, defendant moved to dismiss the case and direct a verdict, when plaintiff rested her case, but after denial of the motion introduced evidence, and did not renew at the close of the whole case. Revisal N. C. 1905, § 539, declares that when, on trial of an issue of fact in a civil action, plaintiff shall have produced his evidence and rested his case, defendant may move to dismiss, or for judgment as in case of nonsuit, and, if the motion is refused, defendant may except, but he may waive his exception and introduce evidence, and again move to dismiss after all the evidence on both sides is in. Rev. St. § 914 (Comp. St. 1913, § 1537), provides that federal courts shall follow the state practice in actions at law. Held, that defendant could not, on appeal, complain of the denial of his motion to dismiss.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 982.]

4. TRIAL ☞419—MOTION TO DIRECT VERDICT—MODE OF MAKING.

A request for a ruling that upon the evidence introduced plaintiff is not entitled to recover cannot be made by defendant as a matter of right, unless at the close of the whole evidence, and if defendant, at the close of plaintiff's evidence, and without resting his own case, requests and is refused such a ruling, the refusal cannot be assigned for error, but defendant must, to assign the same, renew the motion at the close of all the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 982.]

5. APPEAL AND ERROR ☞977(1)—NEW TRIAL ☞6—DISCRETION—REVIEW.

Granting or refusing a motion to set aside the verdict rests in the discretion of the trial court, and cannot be reviewed on error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3860; New Trial, Cent. Dig. §§ 9, 10.]

In Error to the District Court of the United States for the Western District of North Carolina, at Greensboro; James E. Boyd, Judge.

Action by Adeline Mendenhall, administratrix of Grady L. Mendenhall, deceased, against the R. D. Cole Manufacturing Company. There was a judgment for plaintiff, and defendant brings error. On motion to dismiss. Writ dismissed.

Garland S. Ferguson, Jr. (John N. Wilson, of Greensboro, N. C., on the brief), for plaintiff in error.

Thomas J. Jerome and William P. Bynum, both of Greensboro, N. C. (D. H. Parsons, of High Point, N. C., and Edward C. Jerome, of Greensboro, N. C., on the brief), for defendant in error.

Before PRITCHARD and WOODS, Circuit Judges, and DAYTON, District Judge.

PRITCHARD, Circuit Judge. This action was instituted in the District Court of the United States for the Western District of North Carolina. The plaintiff seeks to recover damages on account of the alleged wrongful death of plaintiff's intestate, Grady L. Mendenhall.

There was a judgment in the court below in favor of defendant in error, from which judgment the case comes here on writ of error. The defendant in error will be referred to as plaintiff, and the plaintiff in error as defendant; such being the respective positions occupied by the parties in the court below.

The plaintiff moves to dismiss the writ of error for the following reasons:

I. That the first, second, and third assignments of error, page 49 of the record, do not comply with rule 11 of this court, in that the errors alleged are to the admission of evidence, and the said assignments of error do not quote the full substance of the evidence admitted; the question alone, and no part of the answer, being set out.

II. That the fourth assignment of error, page 49 of the record, is without merit, for the reason that the motion to nonsuit or direct the verdict, made by R. D. Cole Manufacturing Company, defendant in the court below, at the close of the plaintiff's evidence at the trial, was waived by the introduction of evidence on the part of the defendant, R. D. Cole Manufacturing Company, and that the said motion to nonsuit, or to direct the verdict, was not renewed at the close of all the evidence.

III. That the fifth assignment of error, page 49 of the record, does not comply with rule 11 of this court, and is a general assignment of error in the following words:

"That the court erred in entering judgment for the plaintiff upon the verdict of the jury for the reasons plainly apparent upon the record of the case."

IV. That the five assignments of error above mentioned are all of the assignments of error in the record in this case, and there is no means of ascertaining what errors are allowed by plaintiff in error, other than by a search through the record.

V. That the brief of plaintiff in error does not comply with rule 24 of the court, in that it contains no concise abstract, and no brief of the argument with reference to the pages of the record and the authorities relied upon.

[1, 2] The first three assignments of error pertain to the admission of evidence. They point out the questions that were propounded, but fail to state the several answers sought to be obtained. It further appears that no ground of objection was stated at the time this particular evidence was objected to, nor is any specified in the bill of exceptions. Rule 11 of this court (150 Fed. xxvii, 79 C. C. A. xxvii) among other things, requires that:

"When the error alleged is as to the admission or rejection of evidence the assignment of error should quote the full substance admitted or rejected."

One can easily appreciate the wisdom of this rule. It appears that at the time the defendant objected to the admission of the evidence in question no reason was stated as to the ground upon which such exception was taken. The rule, which requires that the specific grounds upon which objections to evidence are made, is intended to afford the trial court an opportunity to be fully advised as to the grounds of objection, in order that it may be able to intelligently de-

termine as to the relevancy of the evidence offered. Therefore it was manifestly unfair for the plaintiff to make what, might properly be called a "blanket objection," and thus leave the court below, as well as this court, in doubt as to the precise grounds upon which the ruling of the trial court was made.

In this instance the first bill of exceptions, not only contains the evidence to which objection was made, but also the entire testimony of the witness Merritt, who testified on behalf of the plaintiff. This is also true of the second and third assignments of error. This court, in the case of Newman v. Virginia, T. & C. Steel & Iron Co., 80 Fed. 228, 25 C. C. A. 382, in discussing this phase of the question, said:

"Rule 11 of this court requires that, when the error alleged is as to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. No effort has been made to comply with this rule, so far as the assignment of error we are now considering is concerned; the evidence admitted, nor its substance, not being set forth. Consequently the questions referring thereto as discussed by counsel will not be disposed of by this court."

The court in that case refused to entertain certain assignments of error, because the grounds of the exceptions, upon which they were based, were not stated at the time they were taken, and where there was a failure to state the evidence to which objections were made in the bill of exceptions. In referring to this point the court said:

"An appellate court will only pass upon those questions as to which a foundation was laid by a specific objection on which the court below ruled, and concerning which an exception was not only noted at the time, but fully set forth in the bill of exceptions. * * * Nor does it appear that the exceptions to particular parts of the charge, referred to in the assignments of error, were made and the attention of the court called to them, at the time the charge was given. The reasons requiring this to be done have been so frequently stated by the courts that we must decline to again enumerate them. * * * The bill of exceptions in this case does not show affirmatively the errors alleged, and that they were prejudicial; nor does it show that timely objections were made, and the grounds thereof clearly stated, so far, at least, as the question relating to the refusal of the court to give such instructions is concerned; and therefore it is fatally defective, and will not authorize us to consider and dispose of the points based thereon presented by counsel for plaintiff in error."

In the case of Oxford & Coast Line R. Co. v. Union Bank of Richmond, Va., 153 Fed. 723, 82 C. C. A. 609, this court said:

"While it is not the policy of the court to dismiss writs of error and cases on appeal on account of slight technicalities, at the same time the rules of this court, as well as the rules of the Circuit Court, are plain and easily understood. In this instance the provision of the statute relating to the question at issue is mandatory and must be enforced. It is incumbent upon attorneys who practice in the federal courts to observe and strictly follow the rules of practice and procedure in preparing and presenting bills of exceptions. In the case of Michigan Ins. Bank v. Eldred, 143 U. S. 298, 12 Sup. Ct. 452, 36 L. Ed. 162, the court, among other things, said: 'The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of and the exceptions taken to them, belongs to the excepting party, and not to the court. The trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed.' It is essential to the orderly pro-

cedure of the courts that attorneys should comply with the rules relating to the same; otherwise, it would be useless to promulgate rules for the guidance of those who may seek to review the action of the lower court."

Also, in the case of Burchett v. United States, 194 Fed. 821, 114 C. C. A. 525, Judge Goff, who was then the presiding judge of this court, among other things, said:

"Not only does this assignment ignore that portion of the rule, which requires that the instructions given alleged to be error should be set out in totidem verbis, but we find that the record shows that no exception was taken by counsel for plaintiffs in error to the action of the court below in giving said instructions. It is fundamental that no alleged error in law can be reviewed in an appellate court of the United States, when the record does not show that the ruling of the court complained of was excepted to at the time, and made part of the record by a bill of exceptions."

[3] The fourth assignment of error relates to the denial of the motion of the defendant to dismiss the case or direct a verdict at the time the plaintiff had introduced her evidence and rested her case. The law of North Carolina relating to the same is to be found in section 539 of the Revisal of 1905, which provides:

"*Demurrer to Evidence.* When on trial of an issue of fact in a civil action, or special proceeding, the plaintiff shall have produced his evidence and rested his case, the defendant may move to dismiss the action, or for judgment, as in case of nonsuit. If the motion is allowed the plaintiff may except and appeal to the Supreme Court. If the motion is refused the defendant may except, and if the defendant introduces no evidence the jury shall pass upon the issues in the action, and the defendant shall have the benefit of his exception on appeal to the Supreme Court. But after the motion is refused he may waive his exception and then introduce his evidence just as if he had not made the motion. But he may again move to dismiss after all the evidence on both sides is in. If the motion is then refused, upon consideration of all the evidence, he may except, and after the jury shall have rendered its verdict, he shall have the benefit of such latter exception on appeal to the Supreme Court."

Thus it will be seen that where the defendant makes a motion at the close of plaintiff's evidence to dismiss a case (which is in the nature of a demurrer to the evidence), and where defendant then offers evidence, he is required in order to avail himself of this provision to renew the motion at the conclusion of all the evidence. This the defendant failed to do in this instance. Therefore, this assignment of error is without merit. Earnhardt v. Clement, 137 N. C. 91, 49 S. E. 49; Jones v. Warren, 134 N. C. 392, 46 S. E. 740; Blalock v. Clark, 137 N. C. 140, 49 S. E. 88. Even if the Supreme Court of the United States had not passed upon this question adversely to the contention of defendant we would be inclined, in pursuance of the Conformity Act (section 914, Revised Statutes of the United States [Comp. St. 1913, § 1537]), to follow the decisions of the Supreme Court of North Carolina as respects this point.

[4] However, the Supreme Court in the case of Columbia & Puget Sound Railroad Co. v. Hawthorne, 144 U. S. 202, 12 Sup. Ct. 591, 36 L. Ed. 405, in discussing this point, among other things, said:

"The question of the sufficiency of the evidence for the plaintiff to support his action cannot be considered by this court. It has repeatedly been decided that a request for a ruling that upon the evidence introduced the plaintiff is

not entitled to recover cannot be made by the defendant, as a matter of right, unless at the close of the whole evidence, and, that if the defendant, at the close of the plaintiff's evidence, and without resting his own case, requests and is refused such a ruling, the refusal cannot be assigned for error. Grand Trunk Railway Co. v. Cummings, 106 U. S. 700 [1 Sup. Ct. 493, 27 L. Ed. 266]; Accident Ins. Co. v. Crandal, 120 U. S. 527 [7 Sup. Ct. 685, 30 L. Ed. 740]; Northern Pacific Railroad v. Mares, 123 U. S. 710 [8 Sup. Ct. 321, 31 L. Ed. 296]; Robertson v. Perkins, 129 U. S. 233 [9 Sup. Ct. 279, 32 L. Ed. 686]."

Also the case of Union Pacific Railroad Co. v. Daniels, 152 U. S. 684, 14 Sup. Ct. 756, 38 L. Ed. 597, is to the same effect.

[5] The fifth assignment of error relates to the refusal of the lower court to set aside the verdict and grant a new trial. The granting or refusing of this motion was in the discretion of the court, and is therefore not reviewable.

A careful examination of the record in this case impels us to the conclusion that, even if it had been properly brought here, the rulings of the lower court which are sought to be challenged were proper, and we would not, therefore, be inclined to disturb the verdict. However, inasmuch as there has been an utter disregard of the rules of this court in the preparation of the case, the writ of error should be dismissed.

Dismissed.